Dear Mr. Wallis:
You presented the following legal question for our review:
 May a Terrebonne Parish Councilman also serve as Executive Director of the Houma-Terrebonne Housing Authority?
The provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response. R.S. 42:63(D) is applicable and states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
Thus, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed *Page 2 
public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of the housing authority constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S.40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office.
Because of the prohibition contained in R.S. 42:63(D), a councilman is prohibited from holding the full-time appointed position of executive director of the housing authority.
Further, Councilman Wayne Thibodeaux received a similar response in Attorney General Opinion 02-0142. This opinion is attached for your further review. Please note that in Opinion 02-0142, this office recalled Opinion 96-334, which you reference in your correspondence.
Finally, note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Thus, if the position of executive director is held on a part-time basis, the councilman may retain his elective office. If in fact the position is held on a full-time basis, Mr. Thibodeaux must decide whether to relinquish his elected office or his position with the housing authority. The question of whether he may contract with the authority once he resigns from his council position is made moot by his resignation. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KERRY L. KLPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE One American Place
 CIVIL DIVISION 301 Main Street, Suita 600
RICHARD P. IEYOUB BATON ROUGE P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-2090
 An elected City Councilman may also hold the
 part-time appointed position as a director of the
 Ville Platte Housing Authority.
Mr. Bennett Baquet, Mayor
City of Ville Platte
Post Office Box 390
Ville Platte, Louisiana 70586.

Dear Mayor Baquet:
This office is in receipt of your opinion request in which you ask if a member of the Ville Platte City Counsel may be appointed as Director of the Ville Platte Housing Authority? You note that the city makes no monetary contributions and has no oversight of the housing authority. The Mayor however, appoints the five member board.
Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63
(D)
The office of City Councilman is a local elective office. The appointment to the Housing Authority is a part-time appointive office. The Dual Officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. As an appointment to the Ville Platte Housing Authority is not a full-time appointive office, the prohibition is not applicable. Thus, it is permissible for an individual to hold the part-time appointive office of Commissioner of the Ville Platte Housing Authority and hold the elected office of City Councilman for the City of Ville Platte. Note that this opinion is in *Page 2 
concurrence with Attorney General Opinions 98-149 and 94-364 which have been attached for your convenience.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 By: _______________________
 J. RICHARD WILLIAMS
 Assistant Attorney General
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 February 24, 1999
 OPINION 98-149
Ms. Donna Taylor 78 DUAL OFFICEHOLDING
St. Landry Parish Housing Authority LSA-R.S. 40:531(A); R.S. 42:62(4) and (5); R.S. 40:530
Post Office Box 276 Elected city councilman may also hold part-time appointed position as
Washington, LA 70589 commissioner of parish housing authority.

Dear Ms. Taylor:
You inquire whether the law permits an individual to simultaneously hold the position of St. Landry Parish Housing Authority Commissioner and the position of city councilman. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment Law, stating:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. See LSA-R.S. 42:63(D); (Emphasis added).
Commissioners are appointed by the parish governing authority and serve on a part-time basis. See LSA-R.S. 40:531(A).[1]
Commissioners serve on a part-time basis for purposes of Louisiana's Dual Officeholding and Dual Employment Law. See R.S.42:62(4) and (5).[2] The prohibition quoted above is applicable only if the individual holds *Page 2 
the local elective office of city councilman while serving in a full-time appointive office. Thus, a parish housing commissioner may simultaneously serve as an elected member of the municipal governing authority without violating state law. In accord is Attorney General Opinion 99-1, copy attached.
However, note that the Code of Governmental Ethics is applicable to all housing authority officials. See R.S.40:530.[3] Any ethical concerns should be forwarded to the State Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA, 70809, for review and resolution.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 99-1
Councilman Lemoine
Attorney General of Louisiana — Opinion
January 13, 1999
 Syllabus

78 OFFICERS — Dual Officeholding
La. R.S. 40:384, 531; 42:61, et seq.
 Elected city councilman may hold part time appointed position
as commissioner of local housing authority established by the
municipality he serves.
Honorable Phillip A. Lemoine
Councilman, City of Ville Platte
Post Office Drawer 989
Ville Platte, Louisiana 70586
RICHARD P. IEYOUB
Dear Councilman Lemoine:
 You requested an opinion from this office regarding whether, as
a newly elected city councilman, you can continue to serve as a
commissioner for the Ville Platte Housing Authority. Your request
has been assigned to the undersigned for response.
 The subjects of dual officeholding and dual employment of
public officers and employees are treated generally at La. R.S.
42:61, et seq. Of particular pertinence to your request is La.
R.S. 42:63(D), which provides:
 No person holding an elective office in a political subdivision
 of this state shall at the same time hold another elective
 office or full-time appointive office in the government of this
 state or in the government of a political subdivision thereof.
 No such person shall hold at the same time employment in the
 government of this state, or in the same political subdivision
 in which he holds an elective office. In addition no sheriff,
 assessor, or clerk of court shall hold any office or employment
 under a parish governing authority or school board, nor shall
 any member of any parish governing authority or school board
 hold any office or employment with any sheriff, assessor, or
 clerk of court.
 Local housing authorities are political subdivisions of the
state, independent from the municipalities or parishes which
establish them. La. R.S. 40:384(16). The commissioners of local
housing authorities are appointed officials. La. R.S. 40:531. If
the position of commissioner is only a part-time appointive
office, an elected city councilman could hold the appointive
office of commissioner of a local housing authority, without
violating the prohibitions in La. R.S. 40:63(D). "Part time" is
the period of time which a person normally works or is expected
to work in an appointive office or employment which is less than
seven hours per work day and less than thirty-five hours per week
of work. La. R.S. 42:62(5). We have been advised by the City
Clerk of Ville Platte that the position of commissioner of the
Ville Platte Housing Authority is a part time position.
 Although it is our opinion that you may hold the part time
appointive office of commissioner of the Ville Platte Housing
Authority at the same time that you hold the elected office of
city councilman for the City of Ville Platte, you must be
cautious regarding actual or potential conflicts of interest. We
have been advised by the City Clerk that the municipality
contracts with the housing authority. You, at the least, would
have to recuse yourself from participating whenever either entity
takes any action dealing with the other. That is really an
ethical matter and you may wish to seek an opinion from the state
Board of Ethics.
 We trust this opinion satisfies your query. Should you have
further questions, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ____________________________
 RANDALL A. KARR
 ASSISTANT ATTORNEY GENERAL
Date Received:
Date Released:
Randall A. Karr
Assistant Attorney General
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 July 19, 1994
Mr. R. Gray Sexton
Executive Secretary
Board of Ethics for Elected Officials
7434 Perkins Road
Baton Rouge, LA 70808

Dear Mr. Sexton:
Enclosed please find a letter from Mr. Morris J. Chandler, Executive Director, Housing Authority of the Town of Colfax, P.O. Box 179, Colfax, Louisiana, 71417-0179.
This inquiry is in reference to whether 1) there is a conflict of interest with a Housing Authority Commission Member holding the City Mayor office while still on the Board of Commissioners; 2) there is a conflict of interest with the City Mayor (if elected) having rental property under the Section 8 subsidized rental program; 3) there is a conflict of interest with a Housing Authority Board Member serving on the City Council and retaining his Commissioner's status? As this is within your jurisdiction, I am forwarding this letter for your response.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ________________
 KENNETH C. DEJEAN
 GENERAL COUNSEL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 AUGUST 03, 1994
 OPINION 94-364
 OPINION 94-364
 78 OFFICERS-Dual Officeholding
Mr. Morris J. Chandler LSA-R.S. 42:63(D); LSA-R.S. 42:62(4) (5)
Executive Director
Housing Authority A commissioner on the Board of the Housing Authority a part-time appointive
Town of Colfax office, may also hold a local elective office in the same political subdivision.
P.O. Box 179
Colfax, Louisiana 71417-0179

Dear Mr. Chandler:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research.
You inquire whether the law permits an individual to simultaneously hold the position of city housing authority commissioner and the position of city mayor or city councilman. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law, stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63(D). *Page 2 
Both the offices of mayor and councilman are local elective offices; the housing commissioner is a part-time appointive office, which position is designated by the mayor. The dual officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. An appointment as Commissioner of the Housing Authority for the Town of Colfax is not a full-time appointive office, and therefore the prohibition is not applicable. It is permissible for an individual to hold the part-time appointive office of commissioner and either the elective office of mayor or councilman. For your further reference, note that a full-time position would require a person to work at least seven hours per day of work and at least thirty-five hours per week; a part-time position is less than the number of hours of work defined as full-time. LSA-R.S. 42:62(4) 
(5).
This opinion reaffirms Attorney General Opinion 90-78, a copy of which is enclosed. Despite our conclusion that there is not a technical violation of the dual-officeholding provision, we are cognizant of the fact that there may be an ethical problem should the mayor appoint himself as Commissioner of the Housing Authority. We refer all inquiries suggestive of an ethical problem to the Board of Ethics for Elected Officials, pursuant to the attached correspondence.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: _____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
 March 26, 19903
 OPINION NUMBER 90-78
Ms. Ruth D. Albritton, Executive Director
Housing Authority, City of Bunkie 78 — DUAL OFFICEHOLDING
P.O. Box 1036 A commissioner on Board of Housing
Bunkie, LA. 71322-5036 Authority may not only remain in office
 while seeking election to a seat on City
 Council, but may retain part-time appointment,
 if elected.

Dear Ms. Albritton:
Your request for an opinion of the Attorney General has been referred to me for attention. Your question is whether a commissioner of the Housing Authority of the City of Bunkie can run for a seat on the City Council and remain on the Board of the Housing Authority until the election, and if elected, continue to serve as commissioner.
The commissioners of the Housing Authority for the City of Bunkie are appointed by the mayor, receive no pay and the Housing Authority receives no funds from the City nor State. The Board of Commissioners is the independent governing body over the Housing Authority.
The dual officeholding statute, R.S. 42:63(D), prohibits one holding an elective office in a political subdivision of this State from holding at the same time another elective office or full-time appointive office in the government of this State or a political subdivision thereof. An appointment as commissioner of the Housing Authority for the City of Bunkie, not being a full-time appointive office, therefore, would not be prohibited under this statute.
Accordingly, we must conclude that a commissioner on the Board of the Housing Authority may not only remain in office while seeking election to a seat on the City Council, but may retain the part-time appointment, if elected.
We hope this sufficiently, answers your question, but if we can be of further assistance, please do not hesitate to contact us.
 Sincerely yours.
 WILLIAM J. GUSTE. JR.
 Attorney General
 By: _____________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 April 19, 1995
 OPINION 95-178
 OPINION 95-178
Mr. John Jeffery Simon 53-1 HOUSING AUTHORITIES
City Attorney 78 OFFICERS — DUAL OFFICEHOLDING
301 East St. Peter Street, Suite 102 LSA-R.S. 42:61, et seq.; LSA-R.S. 42:62; LSA-R.S.
Post Office Box 9260 40:495C(1); LSA-R.S. 42:63(D)
New Iberia, LA 70562-9260 The Executive Director of the Housing Authority of the
 City of New Iberia may not also hold local elective
 position of Trustee of the City of New Iberia.

Dear Mr. Simon:
Your opinion request of this date presents the following issue for our resolution:
 Does Louisiana law permit a person to simultaneously hold the position of Trustee of the City of New Iberia and Executive Director of the Housing Authority of New Iberia?
For purposes of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61, et seq., the position of Trustee is considered an elected, part time position. Further, note that the position of Executive Director of the Housing Authority of New Iberia is considered a full time appointive office. These conclusions are drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S.42:62, providing in pertinent part:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. *Page 2 
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Because the Executive Director works in excess of thirty-five hours per week, he is considered to hold a full time appointed position. State law prohibits a person from holding local elective office and a full time appointive office, as provided in LSA-R.S. 42:63(D):
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
We conclude that the individual in question may not hold both positions concurrently.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ______________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 June 3, 1996
 OPINION NUMBER 96-176
Ms. Greta Strange OPINION 96-176
Chairperson 78 DUAL OFFICEHOLDING
Housing Authority of the City of Slidell LSA-R.S. 42:63D; LSA-R.S. 42:62;
109 N. Randall Drive LSA-R.S. 40:495C(1)
Slidell, LA 70458 The Executive Director of the Housing Authority of the
 City of Slidell may not simultaneously hold the elective
 office of police juror of Terrebonne Parish.

Dear Ms. Strange:
This office is in receipt of your recent opinion request where you ask us to consider if your executive director has violated the laws concerning dual officeholding. Specifically you ask the following:
 May the Executive Director of the Housing Authority of the City of Slidell also hold the elective office of Police Juror in Terrebonne Parish?
Your inquiry asks us to consider whether this situation violates the dual officeholding laws. The prohibitions that would possibly apply to the present situation are found in LSA-R.S.42:63D, the applicable portion being:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof."
In order to determine whether this section applies, the two positions in question must be defined. According to LSA-R.S.42:62, the following positions are defined as follows:
 (1) "`Elective office' means any position which is established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, . . . which is filled by vote of citizens of this state or a political subdivision thereof." *Page 2 
 (2) "`Appointive office' means any office in any branch of government or . . . any executive office of any agency, board, commission, or department which is specifically established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof."
The position of police juror of Terrebonne parish is one that is created by law, and is filled by the vote of citizens within the parish the police jury serves, so it is clearly an "elective office" as defined in § 62(1).
The position of Executive Director of the Slidell Housing Authority is an `appointive office' created by the laws of the state of Louisiana, namely LSA-R.S. 40:495C(1), which states:
 "The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director."
LSA-R.S. 42:63(D) prohibits this individual from holding a full-time appointive office while holding at the same time an elective office. As previously mentioned, it is presumed that the Executive Director of the Housing Authority holds an `appointive office', so he will be prohibited from holding it while serving as a police juror if the Executive Director is a full-time position. LSA-R.S. 42:62 states:
 (4) "`Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
 (5) "`Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
In Attorney General Opinion 95-178, we found that the Executive Director of the Housing Authority of New Iberia was a full-time position for the purposes of dual office-holding. In contacting the Housing Authority in Slidell, this office was advised that the Executive Director's position is full time employment. Assuming this full time employment meets the *Page 3 
qualifications of § 62(4), at least seven hours a day and thirty-five hours a week, the position of Executive Director is a full time appointive position. The Director therefore is prohibited in § 63D from also holding an elective office.
In conclusion, the Executive Director of the Housing Authority of Slidell, being a full time appointive office, is prohibited under dual office holding from simultaneously holding the elective office of police juror.
If this office can be of any further assistance to you, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ___________________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 June 12, 1996
 OPINION NUMBER 96-149
 78 DUAL OFFICEHOLDING
 LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D);
Mr. Stephen M. LaRussa LSA-R.S. 42:62; LSA-R.S. 40:495C(1); LSA-R.S.
P.O. Drawer 2067 42:62(9); LSA-R.S. 42:62(2); LSA-R.S. 42:62(3)
Houma, Louisiana 70361-2067 The Executive Director of the Slidell Housing Authority
 may not simultaneously hold the elective office of council
 member of the Terrebonne Parish Consolidated
 Government.

Dear Mr. LaRussa:
This office is in receipt of your opinion request where you ask us to consider if the Executive Director of the Slidell Housing Authority may also hold an elected position as parish council member of Terrebonne Parish Consolidated Government Parish Council under the Louisiana Dual Officeholding Laws, LSA-R.S.42:61, et seq. Specifically, you ask us to consider the following:
 (1) Does the position of Executive Director of a housing authority constitute a "full-time appointive office in the government of this state or in the government of a political subdivision thereof" as stated in the prohibititory language of LSA-R.S. 42:63(D):
 (D) No person holding an elective office in political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
We respond affirmatively. Note that the position of Executive Director of the Slidell Housing Authority is considered a full time appointive office. This conclusion is drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part: *Page 2 
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the. . . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director. (Emphasis added).
Note further that we consider the housing authority to be a political subdivision of the state, as defined in LSA-R.S.42:62(9): *Page 3 
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's court, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, an all other elected parochial officials shall be separate political subdivisions.
We consider the case of Department of State Civil Service vs.Housing Authority of East Baton Rouge, #95CA1959, (La.App. 1st Cir. 1996) to be supportive of our conclusion that the housing authority is a political subdivision of the state, as the court found public housing authorities to be instrumentalities of the state, at least for purposes of Article X, Section 1, of the 1974 Louisiana Constitution governing civil service systems.
Recently released Attorney General Opinion 96-176 would apply to the current situation, even though it refers to the governing authority position as a police juror and not a parish council member, because the same prohibitions apply. A copy of Attorney General Opinion 96-176 is attached.
 (2) May the Executive Director's contractual relationship with the housing authority serve to make the definitional sections of the dual officeholding laws inapplicable?
In your request, you refer us to Attorney General Opinion 93-190, where this office concluded that the contractual relationship a police juror had with the Assessor's office did not satisfy the requirements of `employment' as defined in LSA-R.S. 42:62(3), so the dual officeholding laws did not apply. This opinion would not control in the current situation, because the office of Executive Director of the Slidell Housing Authority is an "appointive office" as defined in LSA-R.S. 42:62(2) and not "employment" as defined in LSA-R.S. 42:62(3).
In conclusion, the Executive Director of the Slidell Housing Authority, a full-time appointive position within a political subdivision of the state, is prohibited by dual officeholding laws from simultaneously holding the elective office of council member of the Terrebonne Parish Consolidated Government.
Any ethical considerations under the Code of Governmental Ethics should be referred to Mr. Gray Sexton, Commission on Ethics for Public Employees, 8401 United Plaza Blvd., *Page 4 
Suite 200, Baton Rouge, Louisiana, 70809.
If this office can be of any further assistance to you, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 State of Louisiana
 DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005
ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013
 FAX: (504) 342-7335
 May 3, 2002
 OPINION 02-0142
Mr. Wayne Thibodeaux 78 DUAL OFFICEHOLDING
Councilman R.S. 42:61, et seq; R.S. 42:63(D); R.S. 40:539(C)(1); R.S. 42:62(4) and
P.O. Box 990 (5)
Gray, LA 70359 An elected parish councilman may not simultaneously hold full-time
 appointive office

Dear Mr. Thibodeaux:
You present the following two inquires for our review:
 1. May I accept employment as Executive Director of the St. John Housing Authority and continue to hold my elected office, Terrebonne Parish council member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
 2. May I accept employment as Executive Director of the Terrebonne Parish Housing Authority and continue to hold my elected office, Terrebonne Parish Council Member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
Reviewing the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., we find the following portion of R.S. 42:63(D) to be applicable:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof . . . (Emphasis added).
Thus, in response to both your questions, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof *Page 2 
and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of both the housing authorities referenced constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office. Opinion 96-334 is recalled as it is in conflict with the referenced opinions and conclusions herein.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ____________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 1 
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 96-334
 July 24, 1996
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S. 42:62(9)
 Director of Housing Authority may also serve as member of parish council.
Mr. Edward M. Leonard, Jr.
Assistant District Attorney
P.O. Box 2779
Morgan City, LA 70381

Dear Mr. Leonard,
In your correspondence of recent date you relate that a vacancy has occurred in the position of Councilman of the Parish Council, Parish of St. Mary. The Council is considering appointing a person who serves as the Director of the Morgan City HousingAuthority. A question has arisen concerning the legality of the appointment considering the Dual Officeholding and Dual
Employment Laws, LSA-R.S. 42:61, et seq.
The office of parish councilman is a local elective office. The Board of Commissioners of the Public Housing Authority of Morgan City hires its Director and therefore that position is considered one of employment.
LSA-R.S. 42:63(D) provides that no person may hold employment in the same political subdivision in which he holds elective office. However, the parish an the municipality are separate political subdivisions as defined in LSA-R.S. 42:62 (9). Therefore, the director of the Morgan City Housing Authority would be holding employment in a political subdivision separate from the St. Mary Parish Council, and that arrangement is permissible.
In conclusion, the director of a municipal housingauthority may also serve a a member of the parish council without violating the dual officeholding laws.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
Assistant Attorney General
La. Atty. Gen. Op. No. 96-334, 1996 WL 456903 (La.A.G.)
OPINION NUMBER 96-149
Mr. Stephen M. LaRussa
Attorney General of Louisiana — Opinion
JUNE 12, 1996
78 — DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S.
42:62; LSA-R.S. 40:495C(1); LSA-R.S. 42:62(9); LSA-R.S. 42:62(2);
LSA-R.S. 42:62(3).
 The Executive Director of the Slidell Housing Authority may not
simultaneously hold the elective office of council member of the
Terrebonne Parish Consolidated Government.
Mr. Stephen M. LaRussa
P.O. Drawer 2067
Houma, Louisiana 70361-2067
RICHARD P. IEYOUB
Dear Mr. LaRussa:
 This office is in receipt of your opinion request where you ask
us to consider if the Executive Director of the Slidell Housing
Authority may also hold an elected position as parish council
member of Terrebonne Parish Consolidated Government Parish
Council under the Louisiana Dual Office-holding Laws, LSA-R.S.
42:61, et seq. Specifically, you ask us to consider
the following:
 (1) Does the position of Executive Director of a
 housing authority constitute a "full-time appointive
 office in the government of this state or in the
 government of a political subdivision thereof" as
 stated in the prohibitory language of LSA-R.S.
 42:63(D):
 (D) No person holding an elective office in
 political subdivision of this state shall at the
 same time hold another elective office or
 full-time appointive office in the government of
 this state or in the government of a political
 subdivision thereof. No such person shall hold at
 the same time employment in the government of this
 state, or in the same political subdivision in
 which he holds an elective office. In addition no
 sheriff, assessor, or clerk of court shall hold
 any office or employment under a parish governing
 authority or school board, nor shall any member of
 any parish governing authority or school board hold
 any office or employment with any sheriff, assessor,
 or clerk of court. (Emphasis added).
 We respond affirmatively. Note that the position of Executive
Director of the Slidell Housing Authority is considered a full
time appointive office. This conclusion is drawn after
application of the definitional section of the Dual
Office-holding and Dual Employment Law, contained in
LSA-R.S. 42:62, providing in pertinent part:
 (1) "Elective office" means any position which is
 established or authorized by the constitution or
 laws of this state or by the charter or ordinances
 of any political subdivision thereof, which is not
 a political party office, and which is filled by
 vote of the citizens of this state or of a political
 subdivision thereof.
 (2) "Appointive office" means any office in any
 branch of government or other position on any
 agency, board or commission or any executive
 office of any agency, board, commission, or
 department which is specifically established
 or specifically authorized by the constitution
 or laws of this state or by the charter or
 ordinances of any political subdivision thereof
 and which is filled by appointment or election
 by an elected or appointed public official or by
 a governmental body composed of such officials of
 this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a
 salary or per diem basis, other than an elective or
 appointive office, in which a person is an employee
 of the state government or of a political subdivision
 thereof.
 (4) "Full-time" means the period of time which a
 person normally works or is expected to work in an
 appointive office or employment and which is at
 least seven hours per day of work and at least
 thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a
 person normally works or is expected to work in an
 appointive office or employment which is less than
 the number of hours of work defined in this Section
 as full-time.
 The position of Executive Director is an appointive office
"specifically authorized by the . . . . . laws of this state"
pursuant to LSA-R.S. 40:495C(1), providing:
 C. (1) The authority shall select a secretary who
 shall be the executive director and chief executive
 and administrative officer of the authority. He
 shall serve at the pleasure of the authority. The
 authority shall fix the compensation of the
 executive director. (Emphasis added).
 Note further that we consider the housing authority to be a
political subdivision of the state, as defined in LSA-R.S.
42:62(9):
 (9) "Political subdivision" means a parish,
 municipality, and any other unit of local government,
 including a school board and a special district,
 authorized by law to perform governmental functions.
 In addition for the purposes of this Part, mayor's
 courts, justice of the peace courts, district
 attorneys, sheriffs, clerks of court, coroners,
 tax assessors, registrars of voters, an all other
 elected parochial officials shall be separate
 political subdivisions.
 We consider the case of Department of State Civil Service
vs. Housing Authority of East Baton Rouge,
#95CA1959, (La.App. 1st Cir. 1996) to be supportive of our
conclusion that the housing authority is a political subdivision
of the state, as the court found public housing authorities to be
instrumentalities of the state, at least for purposes of Article
X, Section 1, of the 1974 Louisiana Constitution governing civil
service systems.
 Recently released Attorney General Opinion 96-176 would apply
to the current situation, even though it refers to the governing
authority position as a police juror and not a parish council
member, because the same prohibitions apply. A copy of Attorney
General Opinion 96-176 is attached.
 (2) May the Executive Director's contractual
 relationship with the housing authority serve to
 make the definitional sections of the dual
 office-holding laws inapplicable?
 In your request, you refer us to Attorney General Opinion 93-190,
where this office concluded that the contractual relationship a
police juror had with the Assessor's office did not satisfy the
requirements of `employment' as defined in LSA-R.S. 42:62(3), so
the dual office-holding laws did not apply. This opinion would not
control in the current situation, because the office of Executive
Director of the Slidell Housing Authority is an "appointive
office" as defined in LSA-R.S. 42:62(2) and not "employment"
as defined in LSA-R.S. 42:62(3).
 In conclusion, the Executive Director of the Slidell Housing
Authority, a full-time appointive position within a political
subdivision of the state, is prohibited by dual office-holding
laws from simultaneously holding the elective office of council
member of the Terrebonne Parish Consolidated Government.
 Any ethical considerations under the Code of Governmental Ethics
should be referred to Mr. Gray Sexton, Commission on Ethics for
Public Employees, 8401 United Plaza Blvd., Suite 200, Baton
Rouge, Louisiana, 70809.
 If this office can be of any further assistance to you, please
do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: June 12, 1996
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 96-176
Ms. Greta Strange
Attorney General of Louisiana — Opinion
JUNE 3, 1996
78 DUAL OFFICEHOLDING
LSA-R.S. 42:63D; LSA-R.S. 42:62; LSA-R.S. 40:495C(1)
The Executive Director of the Housing Authority of the City of
Slidell may not simultaneously hold the elective office of police
juror of Terrebonne Parish.
Ms. Greta Strange
Chairperson
Housing Authority of the City of Slidell
109 N. Randall Drive
Slidell, LA 70458
RICHARD P. IEYOUB
Dear Ms. Strange:
 This office is in receipt of your recent opinion request
where you ask us to consider if your executive director has
violated the laws concerning dual officeholding. Specifically you
ask the following:
 May the Executive Director of the Housing Authority
 of the City of Slidell also hold the elective office
 of Police Juror in Terrebonne Parish?
 Your inquiry asks us to consider whether this situation
violates the dual officeholding laws. The prohibitions that would
possibly apply to the present situation are found in LSA-R.S.
42:63D, the applicable portion being:
 "No person holding an elective office in a political
 subdivision of this state shall at the same time
 hold another elective office or full-time appointive
 office in the government of this state or in the
 government of a political subdivision thereof."
 In order to determine whether this section applies, the two
positions in question must be defined. According to LSA-R.S.
42:62, the following positions are defined as follows:
 (1) "`Elective office' means any position which is
 established by the constitution or laws of this state
 or by the charter or ordinances of any political
 subdivision thereof, . . . which is filled by vote of
 citizens of this state or a political subdivision
 thereof."
 (2) "`Appointive office' means any office in any
 branch of government or . . . any executive office of
 any agency, board, commission, or department which is
 specifically established by the constitution or laws
 of this state or by the charter or ordinances of any
 political subdivision thereof and which is filled by
 appointment or election by an elected or appointed
 public official or by a government body composed of
 such officials of this state or of a political
 subdivision thereof."
 The position of police juror of Terrebonne parish is one
that is created by law, and is filled by the vote of citizens
within the parish the police jury serves, so it is clearly an
"elective office" as defined in § 62(1).
 The position of Executive Director of the Slidell Housing
Authority is an `appointive office' created by the laws of the
state of Louisiana, namely LSA-R.S. 40:495C(1), which states:
 "The authority shall select a secretary who shall be
 the executive director and chief executive and
 administrative officer of the authority. He shall
 serve at the pleasure of the authority. The authority
 shall fix the compensation of the executive
 director."
 LSA-R.S. 42:63(D) prohibits this individual from holding a
full-time appointive office while holding at the same time an
elective office. As previously mentioned, it is presumed that the
Executive Director of the Housing Authority holds an `appointive
office', so he will be prohibited from holding it while serving
as a police juror if the Executive Director is a full-time
position. LSA-R.S. 42:62 states:
 (4) "`Full time' means the period of time which a
 person normally works or is expected to work in an
 appointive office or employment and which is at least
 seven hours per day of work and at least thirty-five
 hours per week of work."
 (5) "`Part time" means the period of time which a
 person normally works or is expected to work in an
 appointive office or employment which is less than
 the number of hours of work defined in this Section
 as full time.
 In Attorney General Opinion 95-178, we found that the
Executive Director of the Housing Authority of New Iberia was a
full-time position for the purposes of dual office-holding. In
contacting the Housing Authority in Slidell, this office was
advised that the Executive Director's position is full time
employment. Assuming this full time employment meets the
qualifications of § 62(4), at least seven hours a day and
thirty-five hours a week, the position of Executive Director is a
full time appointive position. The Director therefore is
prohibited in § 63D from also holding an elective office.
 In conclusion, the Executive Director of the Housing
Authority of Slidell, being a full time appointive office, is
prohibited under dual office holding from simultaneously holding
the elective office of police juror.
 If this office can be of any further assistance to you,
please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY: ___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RECEIVED: April 10, 1996
DATE RELEASED: June 3, 1996
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
 *Page 1 
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 99-357
 November 22, 1999
 SYLLABUS

An elected City Councilman may also hold the part-time appointed position as a director of the Ville Platte HousingAuthority.
Mr. Bennett Baquet
Mayor
City of Ville Platte
Post Office Box 390
Ville Platte, Louisiana 70586

Dear Mayor Baquet:
This office is in receipt of your opinion request in which you ask if a member of the Ville Platte City Counsel may be appointed as Director of the Ville Platte Housing Authority? You note that the city makes no monetary contribution and has no oversight of the housing authority. The Mayor however, appoints the five member board.
Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law stating:
No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63 (D)
The office of City Councilman is a local elective office. The appointment to the Housing Authority is a part-time appointive office. The Dual Officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. As an appointment to the Ville Platte Housing Authority is not a full-time appointive office, the prohibition is not applicable. Thus, it is permissible for an individual to hold the part-time appointive office of Commissioner of the Ville Platte Housing Authority and hold *Page 1 
the elected office of City Councilman for the City of Ville Platte. Note that this opinion is in concurrence with Attorney General Opinions 98-149 and 94-364 which have been attached for your convenience.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
Very truly yours,
Richard P. Ieyoub
Attorney General
By: J. Richard Williams
Assistant Attorney General
 *Page 14 
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 95-178
 April 18, 1995
53-1 HOUSING AUTHORITIES
78 OFFICERS — DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:62; LSA-R.S. 40:495C(1); LSA-R.S. 42:63(D)

The Executive Director of the Housing Authority of the City of New Iberia may not also hold local elective position of Trustee of the City of New Iberia.
Mr. John Jeffery Simon
City Attorney
301 East St. Peter Street, Suite 102
Post Office Box 9260
New Iberia, LA 70562-9260

Dear Mr. Simon:
Your opinion request of this date presents the following issue for our resolution:
Does Louisiana law permit a person to simultaneously hold the position of Trustee of the City of New Iberia and ExecutiveDirector of the Housing Authority of New Iberia?
For purposes of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61, et seq., the position of Trustee is considered an elected, part time position. Further, note that the position of Executive Director of the Housing Authority of New Iberia is considered a full time appointive office. These conclusions are drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S.42:62, providing in pertinent part:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
(2) "Appointive office" means any office in any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. *Page 15 
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the . . . laws of this state" pursuant to LSA-R.S. 40:495C(1), providing:
*2 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Because the Executive Director works in excess of thirty-five hours per week, he is considered to hold a full time appointed position. State law prohibits a person from holding local elective office and a full time appointive office, as provided in LSA-R.S. 42:63(D):
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
We conclude that the individual in question may not hold both positions concurrently.
Very truly yours,
Richard P. Ieyoub
Attorney General
Kerry L. Kilpatrick
Assistant Attorney General

[1] R.S. 40:531 pertinently provides:
§ 531. Appointment of commissioners to local housing authority, vacancy, removal
A. When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners.
[2] R.S. 42:62 (4) (5) provide:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[3] R.S. 40:530 provides:
§ 530. Conflict of interest
All housing authority officials and employees are subject to the state Code of Governmental Ethics.